[No. 18524-9-III.   Division Three.   April 17, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. KEN SIDE, *Appellant*.

788

W. *Russell Van Camp* and *Dustin D. Deissner*, for appellant.

*Ron Shepherd, Prosecuting Attorney,* and *Clark D. Colwell, Deputy,* for respondent.

SWEENEY, J. — It is a crime in Washington to threaten a judge because of a ruling or decision by that judge in any official proceeding. RCW 9A.72.160. Judge Philip Borst permitted Ken Side to seek anger management counseling as an alternative to jail following a contempt citation. Mr. Side threatened Judge Borst during his "intake" session with a counselor. The question is whether statements made during this court ordered anger management counseling supports a charge of intimidating a judge. It does and so we affirm Mr. Side's conviction.

## FACTS

Ken Side appeared before Judge Philip Borst following a dispute with his neighbor. Judge Borst held Mr. Side in contempt and ordered him jailed for 30 days. Judge Borst later met with Mr. Side and gave him the option to complete an anger management class in lieu of jail time. Mr. Side agreed.

Nazal Fausel screened Mr. Side at the Lincoln County Counseling Center. Kimberly Waples conducted his "intake" interview. Mr. Side told Ms. Waples that people, including Judge Borst, had "better not mess with" him or it would be "gun locker time." Report of Proceedings (RP) at 57. He said "gun locker time" meant he would "have to take people out." RP at 57. When Ms. Waples asked what he thought violence would accomplish, Mr. Side stated "[t]here would be one less judge in the world to be making decisions like this." RP at 57. Ms. Waples reported the comments to her superiors. Robert Shepard saw Mr. Side next.

The State charged Mr. Side with intimidating a judge based on his comments to Ms. Waples. He moved to suppress statements from the Counseling Center counselors. The court denied the motion. Mr. Side moved to change the venue because of pretrial publicity. The court denied the motion. The matter proceeded to a jury trial.

Mr. Side wanted to call Ms. Fausel, Mr. Shepard, and the director of the Counseling Center, Jim Lippold. The court refused the request. It concluded their testimony would be irrelevant since none were present when the threats were made.

The jury convicted Mr. Side as charged.

## ANALYSIS

Sufficiency of the Evidence. Mr. Side contends his statements were not true threats because (1) he would not have made them outside the Counseling Center, (2) his statements were couched in conditional terms, and (3) he did not

believe his statements would be heard by anyone other than Ms. Waples.

■ Mr. Side's challenge to the sufficiency of the evidence admits the truth of the State's evidence and all reasonable inferences therefrom. We review the evidence in the light most favorable to the State to determine if a rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt. *State v. Hansen*, 122 Wn.2d 712, 718, 862 P.2d 117 (1993).

■ Intimidation of a judge requires: (1) a direct or indirect threat; (2) to a judge; and (3) because of a ruling or decision by that judge in any official proceeding. *Id.* at 719. The threat need not reach the judge. *Id.* Nor need the defendant actually intend to cause the bodily harm. *State v. Kepiro*, 61 Wn. App. 116, 121, 810 P.2d 19 (1991). "All that is required is that the defendant direct a threat to a judge in which he [or she] communicates the intent to do so." *Id.* (emphasis omitted).

" 'Threat' means to communicate, directly or indirectly the intent: (a) To cause bodily injury *in the future* to the person threatened . . . ." RCW 9A.04.110(25)(a) (emphasis added). The intimidating-a-judge statute expressly incorporates this definition of a threat. RCW 9A.72.160(2)(b).

■ Here, Mr. Side was at the Counseling Center precisely because Judge Borst held him in contempt. He said Judge Borst had "better not mess with" him or it would be "gun locker time." RP at 57. And Mr. Side said "gun locker time" meant he would "have to take people out." RP at 57. When asked what he thought violence would accomplish, Mr. Side stated "[t]here would be one less judge in the world to be making decisions like this." RP at 57. These are threats to a judge because of a ruling. And they satisfy the three necessary elements. RCW 9A.72.160.

Confidentiality under RCW 71.05.390. Mr. Side contends that his statements to the counselors were confidential under RCW 71.05.390 because they were made as part of his counseling. He argues the court erred by allowing Ms.

Waples to testify concerning threatening statements made in confidence.

■ RCW 71.05.390 does not apply here for two reasons. First, the confidentiality requirements of RCW 71.05.390 do not create a testimonial privilege. *State v. Harris*, 51 Wn. App. 807, 813, 755 P.2d 825 (1988).

In *Harris*, the question was whether the Community Mental Health Services Act (chapter 71.24 RCW) afforded confidentiality. *Harris*, 51 Wn. App. at 810. The Community Mental Health Services Act requires the confidentiality of patient records and information be maintained pursuant to RCW 71.05.390. *Harris*, 51 Wn. App. at 811. The court held RCW 71.05.390 did not create a testimonial privilege because confidentiality requirements, standing alone, do not restrict the court's " 'inherent power to compel the production of evidence and the appearance of witnesses.' " *Harris*, 51 Wn. App. at 813 (quoting *State v. Mark*, 23 Wn. App. 392, 395, 597 P.2d 406 (1979)).

The ruling is in accord with other interpretations of similar statutes. *See Zueger v. Pub. Hosp. Dist. No. 2*, 57 Wn. App. 584, 587-88, 789 P.2d 326 (1990) (confidential autopsy report may be admitted at trial court's discretion); *Mark*, 23 Wn. App. at 395-96 (prescription drug records). RCW 71.05.390 provides no testimonial privilege.

■ Even if RCW 71.05.390 applied, Mr. Side's statements fall within an exception:

Information and records may be disclosed only:

. . . .

(10) To appropriate law enforcement agencies and to a person, when the identity of the person is known to the public or private agency, whose health and safety has been threatened . . . .

RCW 71.05.390(10). Mr. Side's threat to "take out" Judge Borst is certainly a threat to Judge Borst's health and safety. RCW 71.05.390(10).

Mr. Side argues his case is similar to *State v. Batten*,[1] where police attempts to use hospital records were thwarted. He is wrong. Mr. Batten had been committed to Western State Hospital as a sexual psychopath. *State v. Batten*, 17 Wn. App. 428, 431, 563 P.2d 1287 (1977). His hospital records were used to help establish probable cause for a search warrant for a past crime. *Id.* at 434. But the court evaluated the sufficiency of the affidavit without referring to information from those records. *Id.* The application of RCW 71.05.390 was not disputed in *Batten*. The *Batten* court assumed the hospital records could *not* be used.

■ Mr. Side also claims he had an individual expectation of confidentiality by WAC 275-56-230(3)(E), which provides mental patients with "consumer rights." Mr. Side cites to an outdated WAC. The current section covering confidentiality is WAC 388-862-360. It provides: "the provider shall protect the confidentiality of all information relating to consumers or former consumers under all confidentiality requirements as defined in chapters 70.02, 71.05, and 71.34 RCW."[2] But the confidentiality provided by WAC 388-862-360 allows for disclosure again to protect health and safety. RCW 70.02.050(1)(d) ("health care provider may disclose . . . if . . . disclosure will avoid or minimize an imminent danger to the health or safety of the patient or any other individual . . . ."); RCW 71.05.390(10). WAC 388-862-360 offers Mr. Side no confidentiality here.

■ Finally, Mr. Side's expectation of confidentiality is unreasonable. Ms. Fausel warned Mr. Side that any threats he made would be reported. Mr. Side admitted as much. A patient who is warned that communications may not be kept confidential has no reasonable expectation of confidentiality and any privilege is waived. *Hertog v. City of Seattle*, 88 Wn. App. 41, 48-50, 943 P.2d 1153 (1997), *aff'd*, 138 Wn.2d 265, 979 P.2d 400 (1999); *State v. King*, 78 Wn. App.

---

[1] 17 Wn. App. 428, 563 P.2d 1287 (1977).

[2] Chapter 71.34 RCW relates to mental health services for minors and is not applicable to Mr. Side.

391, 404, 897 P.2d 380 (1995), *aff'd*, 130 Wn.2d 517, 925 P.2d 606 (1996). Mr. Side had then no reasonable expectation that his statements would be confidential.

The conviction is affirmed.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

KURTZ, C.J., and KATO, J., concur.

Reconsideration denied May 11, 2001.

Review denied at 144 Wn.2d 1020 (2001).